**MERCHANTS NATIONAL BANK OF TO-PEKA, a banking corporation, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ. A. No. T–5098.**

United States District Court, D. Kansas.

June 19, 1973.

William Hergenreter, Topeka, Kan., for plaintiff.

Robert J. Roth, U. S. Atty., Richard L. Meyer, Asst. U. S. Atty., and Edward H. Funston, III, Asst. U. S. Atty., Topeka, Kan., and Douglas G. Anderson, Dept. of Justice, Tax Div., Washington, D. C., for United States.

## ORDER

TEMPLAR, District Judge.

This is an action for the refund of federal estate taxes and interest in the amount of $24,174.16 paid by the plaintiff Executor of the Estate of Katharine McDermott, and not refunded.

The case is before the Court at the present time on plaintiff's motion for summary judgment. For the purposes of this motion the parties have stipulated as to the relevant facts.

Katharine McDermott died May 26, 1966. A timely estate tax return was filed on behalf of her estate on August 28, 1967, showing a tax liability of $202,826.89, which was paid with the return. On August 14, 1970, plaintiff, the testamentary trustee of the Katharine McDermott Estate, filed a claim for refund in the amount of $24,174.16, alleging that this amount was refundable because of the failure of the estate to take a credit for the tax paid on prior transfers to the decedent from the estate of her brother, James H. Stewart. A portion of this claim in the amount of $2,978.00 was allowed.

James H. Stewart, Jr., died testate on September 18, 1965, some eight months and ten days prior to Katharine McDermott. Under the terms of Mr. Stewart's will, Katharine was to receive a life interest in a certain trust estate established in that will.

When the plaintiff filed the estate tax return for the estate of Katharine McDermott, no credit for tax paid on prior transfer was claimed. The claim for this credit was first made on the claim for refund filed August 14, 1970. On this claim the plaintiff valued the decedent's life interest in the trust created by her deceased brother at $98,645.73, using in the computation the factor from actuarial tables (Treasury Regulations on Estate Tax, Section 20.2031–7(f), Table I) for the valuation of life estates of a person aged 71.

The pretrial order stated that there was a question of law which needed to be decided prior to trial. That question was, what factors may be considered in determining the value of a life estate under § 2013? The plaintiff contended that IRS must follow the actuarial tables; the IRS contended that it may consult the actuarial tables but may also consider other factors including the state of health of the one receiving the life estate at the time of its receipt, in determining its value. This Court previously decided that question of law favorable to plaintiff (Doc. 10), deciding that a life estate must be valued using the actuarial tables provided in § 20.-2031–7 for purposes of § 2013.

The parties have stipulated that if the Court's ruling is correct, i. e. that the only factor which may be used in valuing a life estate is the actuarial tables, then the United States owes the plaintiff the sum of $21,196.16 ($24,174.16 minus $2,978.00), and this case is ripe for summary judgment per plaintiff's motion.

IRS, however, contends that the Court's ruling is in error, and urges the Court to reconsider its prior decision, citing, as authority for their contentions, Rev.Rul. 66–307, 1966–2 Cum.Bull. 429.

The Court has reviewed the revenue ruling cited by defendant; the applicable cases, including Estate of Lion v. C. I. R., 438 F.2d 56 (4th Cir. 1971) and

Miami Beach First National Bank v. United States, 443 F.2d 116 (5th Cir. 1971); and the applicable regulations, including § 20.2013–4 and § 20.2031–7. And, although the Court is of the opinion that in the long run the exclusive use of the actuarial tables is the better practice in valuing life estates for the reasons stated in the Court's previous opinion, the weight of authority is definitely to the contrary.

The Court finds, upon reconsideration, that the actuarial tables are not the exclusive factor to be used in valuing life estates, but that other factors tending to show a shorter or longer life expectancy, if they have probative value, may be considered also. The Court's ruling in its Memorandum Decision of March 7, 1972 (Doc. 10), insofar as it is inconsistent with this Order, is modified to conform therewith.

It follows, of course, that life expectancy is a question of fact, and that this case is not ripe for summary judgment. Accordingly, plaintiff's motion for summary judgment is overruled.

It is so ordered.